# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | NO. 3:10-CR-00004-1 |
| | ) | Judge Campbell |
| **WOODY H. MEDLOCK, SR.** | ) | |

## ORDER OF FORFEITURE CONSISTING OF $457,730.12 UNITED STATES CURRENCY MONEY JUDGMENTS AND ORDER OF FORFEITURE AS TO COUNTS ONE THROUGH THIRTY-NINE

Based on the Defendant Woody H. Medlock, Sr.'s, conviction, the evidence already in the record and the additional evidence or information submitted by the parties and the facts set forth at the sentencing hearing in this matter, the Court finds as follows:

**WHEREAS**, July 27, 2011, the Government filed a forty-two count Second Superseding Indictment charging Defendant Medlock, Sr. in pertinent part, with the following offenses: Count One, 18 U.S.C. § 371 (conspiracy to commit health care fraud and make false statements related to health care matters); Counts Two through Nineteen, 18 U.S.C. §§ 1347 and 2 (health care fraud); Counts Twenty through Thirty-Seven, 18 U.S.C. §§ 1035 and 2 (false statements relating to health care matters); and Counts Thirty-Eight and Thirty-Nine, 18 U.S.C. §§ 1343 and 2 (wire fraud relating to health care fraud);

**WHEREAS,** the forfeiture allegation of the Second Superseding Indictment gave notice pursuant to 18 U.S.C. § 982(a)(7) that upon conviction of the Federal Health Care offenses alleged in Counts One through Thirty-Nine, Defendant Medlock, Sr. shall forfeit any property, real or personal, constituting, or derived from, directly or indirectly, the gross proceeds traceable to the commission of the respective offense(s) and the scheme or artifice to defraud in relation to

said counts. The property to be forfeited included but was not limited to a money judgment in an amount of approximately $457,730.12 United States currency which represents proceeds of the Federal Health Care offenses;

**WHEREAS,** the forfeiture allegation of the Second Superseding Indictment also gave notice to Defendant Medlock, Sr. that in the event any property subject to forfeiture, including but not limited to a money judgment, as a result of any act or omission of WOODY H. MEDLOCK, SR.:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant Medlock, Sr. up to the value of the forfeitable property;

**WHEREAS**, on May 31, 2013, a jury convicted Defendant Medlock, Sr. of Counts One through Forty-One of the Second Superseding Indictment;

**WHEREAS**, a related civil forfeiture action involving proceeds of the Medlock's crimes resulted in forfeiture to the United States of various assets in the case of *United States of America v. 2005 Chevrolet Corvette Bearing VIN #1G1YY34U355129010, et al.*, No. 3:09-CV-01143, ("Civil Action"); and

**WHEREAS**, a final accounting of the amount forfeited and the amount to be paid to TennCare and Medicaid is not yet determined in the Civil Action.

NOW THEREFORE, based upon Defendant Medlock, Sr.'s conviction, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of Counts One through Thirty-Nine to which Defendant Medlock, Sr. was convicted in this matter are $457,730.12 United States currency.

2. $457,730.12 United States currency is subject to forfeiture because these funds constitute, or were derived from, directly or indirectly, the gross proceeds traceable to the commission of the respective offenses charged in Counts One through Thirty-Nine and the scheme or artifice to defraud in relation to said counts.

3. As a result of Defendant Medlock, Sr.'s act(s) or omission(s), the $457,730.12 in proceeds obtained as a result of the offenses to which Defendant Medlock, Sr. was convicted, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $457,730.12 United States currency.

NOW THEREFORE, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of Money Judgments in the amount of $457,730.12 United States currency ("Order of Forfeiture") is hereby taken against Defendant Medlock, Sr. as to Count One through Count Thirty-Nine. Pursuant to Federal Rule of Criminal

Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgments shall become final as to the Defendant at sentencing and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. Defendant Medlock, Sr. is jointly and severally liable with Defendant Kathy Medlock for the $457,730.12 United States currency Money Judgments.

C. The United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $457,730.12 United States currency as authorized by Fed. R. Crim. P., Rule 32.2(b)(2)(A) and 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.*

D. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $457,730.12 United States currency Money Judgments as to Counts One through Thirty-Nine to include substitute property having a value not to exceed in total $457,730.12 United States currency to satisfy the Money Judgments in whole or in part.

E. Upon payment of any Money Judgment in full, the United States shall file a satisfaction of judgment as to all money judgments with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgments have been filed.

F. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $457,730.12 United States currency plus statutory interest is made in full as to either money judgment.

G. Upon receipt of the final accounting of the net forfeiture amount in the Civil Action, which has been returned to Medicare as restitution in the above-styled criminal case, the

United States will provide the court with said amount in the related Civil Action and this amount will be credited against the $457,730.12 money judgments in the above-styled case.

H. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this _____ day of _____, 2014.


_____
TODD J. CAMPBELL
United States District Judge